copy of the judgment and sentence in case No. 2446, State v. Brashear, as fully as the same appears of record in journal 7, page 368, and on file in my office.

"In testimony whereof, I have hereunto set my hand and the seal of said county court at the city of Oklahoma City this the 29th day of April, 1912.

(Seal) "(Signed) JAMES S. POWERS, Clerk of the County Court. "By ANNIE HOWER, Deputy."

It is further made to appear to the court that petitioner appealed from this judgment of the county court to the Criminal Court of Appeals, and that the judgment hereinbefore set out is incorporated in the transcript of the record filed on said appeal. It therefore appears that the affidavit made by petitioner is untrue. The Attorney General is instructed to withdraw the papers in said case from the files of this court and present them to the county attorney of Oklahoma county, in order that petitioner and all persons concerned with him in making such untrue affidavit may be prosecuted for perjury. Such practices must be stopped before justice in its purity can be administered in Oklahoma. Criminals must be made to know that it is a serious and exceedingly dangerous thing to make false statements under oath in this state. All of the time of this court is taken up in considering bona fide cases. We have no time to spend on fictitious cases founded on perjury. For a full discussion of our views on the subject of perjury, see Coleman v. State, 6 Okla. Cr. 252.

The writ of habeas corpus is refused.

ARMSTRONG and DOYLE, JJ., concur.

---

In re BEN MITCHELL.
No. A-1641. Opinion Filed April 16, 1912.
E. G. Cutlip, for petitioner.

PER CURIAM. On March 8, 1912, petitioner filed in this court his application for a writ of habeas corpus, alleging himself to be illegally restrained of his liberty by E. A. Pierce, sheriff of Pottawatomie county, in that upon an information filed in the county court of said county, charging a violation of the prohibition law, he was tried, convicted and sentenced to imprisonment for six months in the county jail and to pay a fine of five hundred dollars and costs, and further averring that said judgment and sentence had been fully executed. The application for a writ of habeas corpus was denied on the ground that said petition did not sufficiently show the execution and satisfaction of the said judgment and sentence. On March 16, petitioner by his counsel of record, moved to dismiss his application at the costs of petitioner. The motion to dismiss is hereby granted and the case dismissed at the costs of the petitioner.

---

W. B. McKENZIE v. STATE.
No. A-784. Affirmed orally April 16, 1912.

---

J. J. DAILEY v. STATE.
No. A-984. Opinion Filed April 18, 1912.
Appeal from Rogers County Court;
Archibald Bond, Judge.

J. J. Dailey was convicted of a violation of the prohibition law, and appeals. Affirmed.

C. B. Holtzendorff, J. B. Rutherford, O. L. Rider, and J. I. Howard, for plaintiff in error.